**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Joann Lynn Corbett,  )<br>   Debtor  )<br>_____)<br>  )<br>Educational Credit Management  )<br>Corporation,  )<br>   Appellant,  )<br>vs.  )<br>Joann Lynn Corbett,  )<br>   Appellee.  )<br>_____) | No. CV-08-1672 -PHX-DGC<br><br>BK No. 4:02-bk-06249 EWH<br><br>Adversary Proceeding No. 07-00003<br><br>Chapter 7<br><br><br>**ORDER** |

    This appeal concerns the efforts of Appellee Joann Lynn Corbett to discharge her obligations under six student loans. Appellee filed for bankruptcy in 2003 and brought an adversary proceeding against Sallie Mae Servicing Corporation ("SMS") seeking to discharge her loan obligations (the "2003 action"). SMS had been the entity seeking to collect Appellee's student loans. SMS failed to answer the adversary complaint, and Appellee obtained a default judgment. When SMS later took steps to collect the loans, purportedly on behalf of a different owner of the loans, Appellee reopened her bankruptcy case and filed a second adversary action seeking to hold SMS in violation of the earlier default judgment. Appellant Educational Credit Management Corporation ("ECMC") intervened in the second adversary action and argued that it was the true owner of the loans, that SMS had never owned the loans, and that the default judgment against SMS in the 2003

action therefore was not binding on ECMC and did not prohibit ongoing collection efforts. The Bankruptcy Court held that ECMC was bound by the default judgment. ECMC appeals that decision. For the reasons that follow, the Court will reverse and remand.[1]

I.

The Bankruptcy Court's order contains a complete and accurate description of the undisputed facts. *See* Appellant's Excerpts of Record ("EOR") at 128-148 (hereinafter "Order"). The Court will not recount those facts here. For purposes of this appeal, it is significant that Appellee does not dispute the following: (1) the 2003 action was filed only against SMS; (2) SMS was the servicer for Appellee's student loans, but not the owner or guarantor of the loans; (3) ECMC now owns the loans, and its predecessor owners were not parties to the 2003 action; and (4) ECMC is an entity separate and distinct from SMS.

Before addressing the relevant law, the Court notes that it fully understands why considerations of equity and judicial economy argue in favor of holding ECMC bound by the default judgment against SMS. Although ECMC was not named as a defendant in the 2003 action, it had notice of the action and its current counsel filed a notice of appearance in the action on the day the default judgment was entered in the docket.[2] Within days of the default judgment, ECMC's counsel contacted Appellee's counsel and suggested that the default judgment did not apply to ECMC because it was not a party to the action and SMS was not the owner or guarantor of the loans. EOR 87. ECMC's counsel stated that efforts to collect the loans would continue, and that if Appellee wished to bind the owner and guarantor of the loans, she should file another complaint or vacate the default judgment and amend the existing complaint. *Id*. There is no evidence that ECMC had communicated any of this information to Appellee before the default judgment was entered. Some years later, SMS

---

[1] The request for oral argument is denied. Because the parties have fully briefed the issues, oral argument will not aid the Court's decision or result in unfair prejudice to the parties. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] It does not appear that ECMC intervened in the 2003 action.

- 2 -

1  renewed its efforts to collect the loans and Appellee filed the second adversary action.
2  ECMC intervened in the action, but failed to file a motion for summary judgment by the
3  Bankruptcy Court's deadline. Order at 6. Instead, ECMC filed a motion for summary
4  judgment on the day before trial and, on the morning of trial, filed a motion to continue the
5  trial. *Id*. In a display of considerable judicial patience, the Bankruptcy Court considered the
6  motion and received additional briefing. When the Bankruptcy Court allowed the parties to
7  file supplemental briefs and asked them to submit a statement of stipulated facts, ECMC did
8  not file a brief and failed to participate in preparing the statement of facts. *Id*.

9       This history suggests that ECMC has been slow to exercise its rights and cooperate
10 in judicial proceedings. One is tempted to conclude that ECMC deliberately failed to
11 disclose its existence, sat on its rights, and only reluctantly participated in the second
12 adversary action. Even if all this is true, however, ECMC can be bound by the default
13 judgment against SMS only in accordance with the law.

14                                                    II.

15      The Supreme Court has "often repeated the general rule that 'one is not bound by a
16 judgment *in personam* in a litigation in which he is not designated as a party or to which he
17 has not been made a party by service of process.'" *Taylor v. Sturgell*, ___ U.S. ___, 128
18 S.Ct. 2161, 2171 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). An exception
19 to this general rule exists if the person is in privity with a party to the litigation. *See Leon*
20 *v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006). Federal courts have deemed several
21 relationships sufficiently close to justify a finding of privity. These include a nonparty who
22 has succeeded to a party's interest in property that was the subject of litigation, a nonparty
23 who controlled the original suit, and a nonparty whose interests were represented adequately
24 by a party in the original suit. *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). The
25 Bankruptcy Court and Appellee agree that ECMC was not a party to the 2003 action.
26 Significantly, however, the Bankruptcy Court never considered whether ECMC is in privity
27
28

with SMS and therefore bound by the action.[3]

As noted above, ECMC filed a late motion for summary judgment after intervening in the second adversary action. The motion asked the Bankruptcy Court to hold that ECMC was not bound by the 2003 default judgment. Although the motion did not mention Rule 60(b) of the Federal Rules of Civil Procedure, the Bankruptcy Court concluded that the motion must be construed as a challenge to the default judgment under that rule. Order at 8. This was a significant conclusion, for parties seeking to set aside a judgment under Rule 60(b) face substantial limitations. As will be seen below, those limitations led directly to the Bankruptcy Court's conclusion that ECMC is bound by the 2003 default judgment.

By its own terms, Rule 60(b) applies to "a party" subject to a final judgment. The Ninth Circuit has held that nonparties generally cannot seek relief from a judgment under Rule 60(b) because they are not parties within the meaning of the rule. *See Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440-41 (9th Cir. 1986); *see also Ericsson Inc. v. InterDigital Comms. Corp.*, 418 F.3d 1217, 1224 (Fed. Cir. 2005) ("The plain language of Rule 60(b) only allows relief to be given to 'a party' to the litigation.") (citing cases); *Popovich v. United States*, 661 F. Supp. 944, 951 (C.D. Cal. 1987) ("Courts have been quite strict in construing Rule 60(b) and have limited relief under it to those who are unquestionably parties.").[4] If nonparties are not permitted to use Rule 60(b) to attack a final

---

[3] The Supreme Court's decision in *Taylor* recognizes six general categories of exceptions to the general rule that nonparties are not bound by litigation. 128 S.Ct. at 2172-73. It appears that the exceptions most relevant to this case (*Taylor*'s second, third, and fourth exceptions) can generally be described as the privity exceptions discussed above. *Taylor*'s fifth exception, for statutory schemes such as bankruptcy, does not appear to apply here. The Bankruptcy Court did not base its decision, and Appellee does not base her arguments in this Court, on the proposition that bankruptcy law somehow forecloses ECMC's challenge to the default judgment. *But see* footnote 10, *infra*. On remand, the Bankruptcy Court is of course free to consider all of the *Taylor* exceptions.

[4] Exceptions to this rule may apply if the nonparty actually participated in the litigation giving rise to the judgment or if equities favor allowing a Rule 60(b) challenge. *Citibank Int'l*, 809 F.2d at 1441.

- 4 -

judgment, logic dictates that they are not bound by the rule's limitations when arguing that a judgment does not apply to them. Thus, in arguing that the 2003 action's default judgment does not apply to it, ECMC can be limited to the standards of Rule 60(b) only if ECMC was a party to the 2003 action or, perhaps, if it was in privity with SMS.[5] As noted above, ECMC and its predecessors in interest were not parties to the 2003 action, and the Bankruptcy Court did not consider whether ECMC was in privity with SMS.

In seeking to show that it was not bound by the 2003 default judgment, ECMC argued that SMS was never properly served with process.[6] The Bankruptcy Court agreed, holding that the summons and complaint in the 2003 action were not properly served on SMS. Order at 10-12. Invoking a limitation of Rule 60(b), however, the Bankruptcy Court concluded that this was not a sufficient basis for setting aside the default judgment: "[m]erely erroneous procedure in notice is not sufficient for Rule 60(b)(4) relief from judgment unless the circumstances cross over the line from mere error to error that violates the due process clause of the Fifth Amendment." Order at 12. Because the Bankruptcy Court found that SMS had received sufficient notice to satisfy due process, it held that the default judgment should not be set aside under Rule 60(b)(4), the defective service on SMS notwithstanding. This decision turned on the application of Rule 60(b)(4). As noted, that rule applies only to parties and could not be invoked to conclude that ECMC, a nonparty, received sufficient notice and therefore was bound by the default judgment.[7]

---

[5]The parties have not addressed, and the Court therefore will not decide, whether Rule 60(b) applies to persons in privity with a party to the judgment. This may be a matter for consideration on remand.

[6]This argument was perhaps unnecessary. If ECMC was not in privity with SMS, it does not matter whether SMS was properly served.

[7] The Bankruptcy Court relied on *SEC v. Internet Solutions for Business Inc.*, 509 F.3d 1161 (9th Cir. 2007), for the proposition that "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default, bears the burden of proving that service did not occur." *Id*. at 1165; *see* Order at 10. This rule, by its

- 5 -

Merely holding that SMS received sufficient notice would not, of course, lead to the conclusion that ECMC was bound by the default judgment, but the Bankruptcy Court transformed the inquiry about SMS's notice into a discussion of whether ECMC received due process notice. *See* Order at 14. It is important to remember, however, that notice to ECMC is not relevant if ECMC was not a party. If SMS received due process notice, and ECMC was in privity with SMS, then due process notice to SMS binds ECMC. But if ECMC is not in privity with SMS for purposes of the 2003 action, the mere fact that ECMC received due process notice does not bind it. Nonparties to lawsuits are not bound merely by notice of the lawsuits. As *Taylor* makes clear, there must be some additional relationship to the parties or the lawsuit. 128 S.Ct. at 2171-74.

After considering the question of due process notice to SMS and (erroneously) to ECMC, the Bankruptcy Court turned to the key question – whether the default judgment against SMS was binding on the owners and guarantors of the loans. Order at 14-16. In resolving this question, however, the Bankruptcy Court again relied on the fact that ECMC received notice of the 2003 action, and held that the default judgment therefore was not void under Rule 60(b)(4). Order at 17. This was error because Rule 60(b)(4) does not apply to nonparties, the Bankruptcy Court did not determine whether ECMC was in privity with SMS (or otherwise bound under one of the *Taylor* exceptions), and mere notice to ECMC as a nonparty is not enough.

In the process of reaching its conclusion, the Bankruptcy Court focused on the fact that Appellee did not know the identities of the owners and guarantors of her loans. The Bankruptcy Court seemed to conclude that because the owners and guarantors of the loans did not make themselves known to Appellee, they were bound by the judgment against SMS: "Absent any statutory or specific regulatory authority which places a duty on student loan borrowers to know the identity of the real owners of their loans and the existence and identity of any guarantors, or absent any facts which would have put the Appellee on inquiry notice

---

terms, applies to a "defendant" to the prior proceeding. ECMC was not a defendant in the 2003 action.

- 6 -

prior to the entry of the Default Judgment, there is no basis to impose such a duty on the Appellee." Order at 16. The Bankruptcy Court then held that the due process service on SMS "was reasonably calculated to give notice to the entities with an interest in the Loans." *Id.* Again, the focus was on notice to ECMC, not on whether it was a party or in privity with a party.

The Bankruptcy Court did not cite any authority for the legal proposition that unknown owners and guarantors of student loans are bound by lawsuits against their servicers. This would seem to be a kind of legal privity – a legal requirement that owners and guarantors either make their existence known to borrowers or live with the consequences of judgments against their servicers. Such a rule would relieve borrowers of the obligation to search out the identity of the owners and guarantors of their loans before filing lawsuits, a search that ECMC asserts would have been very easy in this case. *See* EOR 101. If such a rule of law is to be applied in this case, it must be clearly established by citation to relevant authority.

Appellee argues that the relevant authority is supplied by Section 24(1)(a) of the Restatement (Third) of Suretyship and Guaranty, a section also cited by the Bankruptcy Court. *See* Dkt. #11 at 15-16; Order at 19-20. But this section merely provides that if a bankruptcy debtor obtains a discharge of a debt, the debtor is not later liable to the guarantor of the debt. The question in this case is whether the debtor obtained a discharge of her debt. If she did not – if the debt was not discharged because the debtor failed to name the owner of the loans in the 2003 action – Section 24(1)(a) does not apply.[8]

Appellee also cites the following language from a Maryland bankruptcy court: "A debtor may schedule a debt in the name of the original creditor of an assigned debt unless

---

[8] The Restatement section contains this helpful illustration: "D borrows $10,000 from C. D's obligation is guaranteed by S. D defaults owing the full $10,000. D, who has no assets, files a bankruptcy petition *and is discharged from all obligations to C*. Later, S pays C the $10,000. S is not entitled to reimbursement from D." Restatement § 24(1)(a) cmt. a (1996) (emphasis added). The question in this case, of course, is whether D was "discharged from all obligations to C" by the 2003 action to which C (ECMC) was not a party.

the debtor has actual knowledge of the assignment, and the assignee of a debt has the burden to show debtor had actual knowledge of an assignment in order to except the debt from discharge where the assignee was not scheduled." *In re Brantley*, 116 B.R. 443, 446 (Bankr. D. Md. 1990). This quotation is inapposite, however, because Appellee does not contend that SMS was the owner of the loans and ECMC the assignee. Appellee does not dispute that SMS merely serviced the loans – that it did not originate, own, or guaranty the loans. Had Appellee named the owner of the loans in the 2003 action, this statement suggests that she would not have been required to name an unknown assignee of the owner. Federal Rule of Civil Procedure 25 works much the same. But Appellee did not name any owner or guarantor of the loans in the 2003 action. Appellee's legal authorities, therefore, do not support the Bankruptcy Court's ruling.

## III.

On remand, the Bankruptcy Court should consider whether ECMC was in privity with SMS for purposes of the 2003 action. Additional evidence may be required to make this decision.[9] If Appellee relies on the concept of legal privity mentioned above, the Bankruptcy Court should confirm that such legal privity is recognized in the law. The Bankruptcy Court is of course free to take any and all actions consistent with this opinion.[10]

---

[9] It appears that ECMC has given inconsistent accounts of who serviced, owned, and guaranteed the loans at various times. *Compare* Declaration of Brent Smith (EOR 97-102) *with* ECMC's Motion to Dismiss (Dkt. #12-6 at 3-5).

[10] ECMC asserted in its motion to dismiss the second adversary action that SMS filed a proof of claim on behalf of ECMC in Appellee's 2003 bankruptcy. Dkt. #12-6 at 4. If this is true, it may bear on the question of whether SMS was representing ECMC's interests in the bankruptcy and was in privity with ECMC for purposes of the adversary proceeding. In addition, if the student loans were scheduled and dismissed in the bankruptcy, and if ECMC had due process notice of this fact, the discharge may apply to ECMC. *See Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193 (9th Cir. 2008).

- 8 -

**IT IS ORDERED** that the Bankruptcy Court's Order is **reversed and remanded** for proceedings consistent with this order.

DATED this 16th day of March, 2009.

_____
David G. Campbell
United States District Judge